**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **WILLIAM TYSZKIEWICZ,** ) | Case No.: |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| **BOSLEY MEDICAL GROUP,** ) | |
| ) | |
| Defendant. ) | **(Unlawful Debt Collections Practices)** |
| ) | |

## COMPLAINT

WILLIAM TYSZKIEWICZ ("Plaintiff"), by and through his counsel, Kimmel & Silverman, P.C., alleges the following against BOSLEY MEDICAL GROUP ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the Commonwealth of Massachusetts and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Taunton, Massachusetts.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a lender with its principal place of business located at 9100 Wilshire Boulevard E Tower Penthouse, Beverly Hills, CA 90212.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number that he has had for over a year.

11. Plaintiff has only used this number as a cellular telephone number.

12. Beginning in or before January 2016, and continuing through April 2016, Defendant called Plaintiff on his cellular telephone on a repetitive and continuous basis.

13. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

14. Defendant's automated messages identified its company name as the caller.

15. Defendant's telephone calls were not made for "emergency purposes."

16. In January 2016, Plaintiff revoked any consent previously given to Defendant to place telephone calls to his cellular telephone number by telling Defendant that he was not interested in their services and to stop calling.

17. Defendant heard and acknowledged Plaintiff's revocation of consent and demand to stop calling his cellular telephone number.

18. Despite the above, Defendant persisted in calling Plaintiff on his cellular telephone for several weeks.

19. Defendant's repeated calls to Plaintiff became so irritating that he was forced to block these calls using a mobile telephone application.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

20. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

21. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

22. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

23. Defendant's calls to Plaintiff were not made for emergency purposes.

24. Defendant's calls to Plaintiff, after January 2016, were not made with Plaintiff's prior express consent.

25. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

26. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

27. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, WILLIAM TYSZKIEWICZ, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

    e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, WILLIAM TYSZKIEWICZ, demands a jury trial in this case.

                                        Respectfully submitted,

Dated: April 5, 2017               By: /s/ Craig Thor Kimmel
                                          Craig Thor Kimmel, Esquire
                                          Kimmel & Silverman, P.C.
                                          30 East Butler Pike
                                          Ambler, Pennsylvania 19002
                                          Phone: (215) 540-8888
                                          Facsimile: (877) 788-2864
                                          Email: kimmel@creditlaw.com